**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4016

BARRY GORDON YORK, d/b/a HBA
Liquidators,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CR-95-84-BR)

Argued: May 8, 1998

Decided: January 21, 2000

Before MURNAGHAN,**1** NIEMEYER, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Carlos Marco Recio, Washington, D.C., for Appellant.
Anne Margaret Hayes, Assistant United States Attorney, Raleigh,

_____

**1** Judge Murnaghan has recused himself from any further participation
in this case. The opinion is accordingly filed by a quorum of the panel
pursuant to 28 U.S.C. § 46(d).

North Carolina, for Appellee. **ON BRIEF:** Lynn Broadway, Lawn-
dale, North Carolina, for Appellant. Janice McKenzie Cole, United
States Attorney, Banumathi Rangarajan, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Barry York and ten other defendants appealed their respective con-
victions for conspiracy, interstate transportation of stolen property, or
money laundering in connection with a scheme to traffic in stolen
over-the-counter drugs (OTC) and health and beauty aids (HBA).
York was convicted on one conspiracy count. We disposed of the
appeals of all of the defendants except York in a panel opinion, see
United States v. Ebert, No. 96-4871(L) (4th Cir. May 3, 1999), and
in a subsequent order, see United States v. Ebert, No. 96-4871(L) (4th
Cir. July 9, 1999). The government advised us in its brief that York
had filed his notice of appeal a few days late. However, because York
had filed his notice within 30 days after the original appeal period had
expired, we remanded to give him the opportunity to establish that
there was excusable neglect for his late filing. On remand the district
court entered an order (1) finding that York had made the required
showing of excusable neglect and (2) granting him a retroactive
extension of 30 days to file his notice of appeal. The government does
not challenge the district court's order, which was filed with us on
September 17, 1999. York's appeal is therefore ready for decision.

We refer to our earlier opinion for a full discussion of the facts and
issues. The central issue raised by the defendants on appeal (and dealt
with in the earlier opinion) -- whether the evidence was sufficient to
establish that the defendants knew that Donald Thomas was selling
stolen OTC and HBA -- is easy to dispose of in York's case. The evi-

2

dence was sufficient. The government proved that York was an insider in Thomas's stolen property ring. Thomas and York formed a company, called HBA Liquidators, which was used to sell stolen OTC and HBA to New York wholesalers. The stolen merchandise had to be cleaned and packaged before it could be sold to the wholesalers. On one occasion when York was helping Thomas and his family members clean stolen OTC and HBA in Thomas's basement, Thomas received a telephone call warning him that he was going to be raided by the police. York and others hastily loaded the merchandise into several vehicles and took it to York's house in another town. This evidence was sufficient to convict York of conspiracy, and it rendered the willful blindness instruction harmless error as to him. See Ebert, slip op. at 50-53. The other issues raised by York are also without merit. His conviction is affirmed.

AFFIRMED

3